UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CALVIN HICKERSON, SR.                          CIVIL ACTION

VERSUS                                         NO: 10-102

UNITED STATES OF AMERICA, ET AL.               SECTION: R


**ORDER AND REASONS**

Before the Court are the United States' Motion to Dismiss or Transfer of Venue (R. Doc. 19) and plaintiff Calvin Hickerson's two Motions of Evidence of Civil Rights Violations (R. Docs. 20, 21).[1] For the following reasons, the Court GRANTS defendants' motion to dismiss and does not reach the remaining motions.

**I. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is

---

[1] In addition, Hickerson styles his response to defendants' motion to dismiss as a Motion for Summary Judgment and Motion to Have My Case Heard and a Trial by Jury of My Peers. He notes later in the motion that it is a Motion of Reversal of the Dismissal of the US Attorney and the Assistant US Attorney and also that it is a Motion for Default Judgment. The motion, however, does not present any summary-judgment evidence or argument for default judgment. In addition, Hickerson requested a trial by jury in his initial complaint. The Court therefore construes the filing merely as a response to defendants' motion to dismiss.

plausible on its face."[2]  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.[4]  But the Court is not bound to accept as true legal conclusions couched as factual allegations.[5]

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true.[6]  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[7]  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[8]  If there are insufficient factual allegations to raise a right to relief above

---

[2] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Iqbal,* 129 S.Ct. at 1940.

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5] *Iqbal*, 129 S.Ct. at 1949.

[6] *Id.*

[7] *Iqbal*, 129 S.Ct. at 1949.

[8] *Lormand*, 565 F.3d at 256.

the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.[9]

Finally, courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[10] This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing."[11]

**II. Analysis**

The Court is not able to discern the basis for this suit from plaintiff's filings. From the documents that Hickerson has submitted, it appears that he has some variety of veteran's complaint, but the Court cannot determine from any of these documents the precise nature or the factual basis of the grievance. His initial complaint pleads no facts; it simply notes that he brings the suit under the Federal Tort Claims Act

---

[9] *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

[10] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *see also see Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983).

[11] *Jones v. Alfred*, 353 Fed. App'x 949, 951-52 (5th Cir. 2009).

and the Civil Rights Act of 1871, and it contains as attachments numerous pages that appear to be various letters and contracts from a private debt management company, a letter from the Department of Veterans Affairs detailing Hickerson's compensation for his complete and total disability sustained during his service in the armed forces, a record from the Social Security Administration detailing his monthly payments, and account information from the Pentagon Federal Credit Union.

His amended complaint states in full: "I am hereby amending my Civil Rights Violation suit. To include pain and 44 years of suffering. In the amount of $104,000,000.04¢. In V.A. denial of my $8,690,029.04¢ compensation due from claim filed on December 09, 1968. Day of separation from active Airborne combat duty, and."[12] This complaint includes as an attachment a partially filled-out copy of a Veteran's Application for Compensation or Pension dated from 1969. No further information is provided about his claim.

In addition to these complaints, Hickerson has made several filings, most of which take largely the same form. They list the defendants as well as several statutes and cases, and they note that several members of Hickerson's family were "African Indian American Slaves." He also states that he served in the United States Army in the Vietnam War and that he was injured in combat

---

[12] R. Doc. 13 at 1 (as in original).

and received the Purple Heart.[13]

His opposition to defendants' motion to dismiss appears to present new facts about his suit. It states, "I was denied my Civil Rights by hiring me as and disable Vietnam Airborne Combat Veteran/Epilepsy Grand Mall Seizures Coma/Convulsions/ Combat/Direct-Service-Connested related. And firing me for having Epilepsy Grand Mall Seizures on job and for being and African Indian American/Black Journeyman Electrician."[14] This filing suggests that his complaint is employment-related and not related to the denial of veterans' benefits. It does not, however, make clear who his employer was or who fired him from this position. The opposition also suggests that his claim is for medical malpractice, although it recounts no facts underlying this claim.

It is not clear from any of these filings precisely what Hickerson's claim is. He appears to seek relief under a number of civil-rights statutes, but the nature of this relief is mysterious. Because Mr. Hickerson has pleaded no facts that the Court can identify as the foundation of his case, his complaints cannot survive a motion to dismiss.

---

[13] *See, e.g.*, R. Docs. 20 at 2; 21 at 2.

[14] R. Doc. 26 at 1 (as in original).

**III. Conclusion**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, this \_\_16th\_\_ day of July, 2010.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**